UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CLEMENT WOGHIREN, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>WYETH, And )<br>WYETH BIOPHARMA, )<br>)<br>Defendants. )<br>) | Docket No. 04-12148-WGY |

### DEFENDANTS' ANSWER And DEMAND FOR JURY TRIAL

The defendants in the above action, Wyeth and Wyeth Biopharma (hereinafter collectively referred to as "Wyeth"), hereby answer the numbered paragraphs of the Complaint filed by plaintiff, Clement Woghiren, respectively, as follows:

1. No answer is required by Wyeth to this paragraph, but to the extent that it alleges that Wyeth Biopharma is a "subdivision" such as would render it an entity amenable to suit, such allegations are denied, as are all of the general allegations of unlawful conduct by Wyeth pleaded in this paragraph.

2. Wyeth admits the allegations contained in paragraph 2 insofar as they allege that the plaintiff, an adult, was at one time employed by Wyeth, but Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the plaintiff's complaint, and therefore denies the same.

3. Wyeth admits the allegations contained in paragraph 3.

1

4. Wyeth denies that Wyeth BioPharma is a division of Wyeth, but Wyeth admits that Wyeth BioPharma is a business unit of Wyeth, and that Wyeth BioPharma has a place of business located at One Burtt Road, Andover, Middlesex County, MA 01810. The remaining allegation of this paragraph does not require a response, to the extent that it does, the remaining allegation is denied.

5. Wyeth admits the allegations in paragraph 5 of the plaintiff's complaint.

6. Wyeth admits that the plaintiff was employed in that capacity on the dates in question alleged in paragraph 6 of the plaintiff's complaint, but insofar as they allege or infer that he is currently employed by Wyeth, denies the same.

7. Wyeth admits the allegations in paragraph 7 of the plaintiff's complaint.

8. Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the plaintiff's complaint insofar as they characterize his "accomplishments," and therefore denies the same. Wyeth admits that during his employment, the plaintiff received certain professional awards and recognitions.

9. Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the plaintiff's complaint and therefore denies the same. Wyeth admits that during his employment, the plaintiff received certain professional awards and recognitions.

10. Wyeth denies the allegations in this paragraph of the plaintiff's complaint as stated.

11. Wyeth admits the allegations in this paragraph of the plaintiff's complaint insofar as they accurately reflect his actual job description and function.

12. Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the plaintiff's complaint because they are self-serving and not objective facts capable of a response, and therefore denies the same.

13. Wyeth admits the allegations in this paragraph of the plaintiff's complaint

14. Wyeth admits the allegations contained in this paragraph of the plaintiff's complaint.

15. Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the plaintiff's complaint because they are self-serving and not objective facts capable of a response, and therefore denies the same, and in further answering states that his evaluation and the particular scores obtained speaks for itself.

16. Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the plaintiff's complaint because they are self-serving and not objective facts capable of a response, and therefore denies the same.

17. Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the plaintiff's complaint with respect to the allegations that he "led the company's efforts" in certain activities, because they are self-serving and not objective facts capable of a response, and therefore denies the same.

18. Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the plaintiff's complaint because they are self-serving and not objective facts capable of a response, and therefore denies the same.

19. Wyeth denies the allegations in this paragraph of the plaintiff's complaint.

20. No answer is required by Wyeth to this paragraph of the complaint, because Dr. Woghiren's expectations are not objective facts capable of a response, and therefore denies the same.

21. Wyeth admits that it hired Dr. Maratea to fill the vacancy of AST Associate Director, but in further answering states that insofar as this paragraph of the plaintiff's complaint alleges that in conducting such a search to fill this position or hiring Dr. Maratea it acted unlawfully, denies the same.

22. Wyeth admits the allegations in paragraph 22 of the plaintiff's complaint.

23. Wyeth denies the allegations in this paragraph of the plaintiff's complaint.

24. Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the plaintiff's complaint because they are self-serving and not objective facts capable of a response, and therefore denies the same. To the extent that this paragraph alleges facts that constitute improper or unlawful conduct, Wyeth denies the same.

25. Wyeth denies the allegations contained in paragraph 25.

26. Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the plaintiff's complaint because they are self-serving and not objective facts capable of a response, and therefore denies the same.

27. Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the plaintiff's complaint and states that the characterization of Dr. Maratea have "lashed out" at the plaintiff is not a objective fact capable of a response, and therefore denies the same.

28. Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the plaintiff's complaint, and therefore denies the same.

29. Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the plaintiff's complaint, and therefore denies the same.

30. Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the plaintiff's complaint, and therefore denies the same.

31. Wyeth denies the allegations in this paragraph of the plaintiff's complaint.

32. Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the plaintiff's complaint, and therefore denies the same.

33. Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the plaintiff's complaint, and therefore denies the same.

34. Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the plaintiff's complaint, and therefore denies the same.

35. Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the plaintiff's complaint, and therefore denies the same.

36. Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the plaintiff's complaint, and therefore denies the same.

37. Wyeth denies the allegations in this paragraph of the plaintiff's complaint.

38. Wyeth denies that it or Dr. Maratea "intensified" or otherwise undertook any efforts to "force" Dr. Woghiren to resign, and therefore denies the allegations in this paragraph of the plaintiff's complaint.

39. Wyeth admits the AST Group underwent certain organizational changes in 2004, but insofar as the allegations in this paragraph allege or infer that it was to further an unlawful objective, such allegations are denied.

40. Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the plaintiff's complaint, and therefore denies the same.

41. Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the plaintiff's complaint, and therefore denies the same.

42. Wyeth denies that Dr. Woghiren was "demoted," and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 42 of the plaintiff's complaint, and therefore denies the same

43. Wyeth denies the allegations in this paragraph of the plaintiff's complaint.

44. Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the plaintiff's complaint because they are self-serving and not objective facts capable of a response, and therefore denies the same.

45. Wyeth denies the characterizations contained in these allegations in this paragraph of the complaint with regard to "not produced the desired results," and states that this is not an objective fact capable of a response, and in further answering states that the Performance Improvement Plan was warranted by the plaintiff's performance and consistent with Wyeth guidelines for the evaluation of employees.

46. Wyeth admits that the plaintiff was placed upon a Performance Improvement Plan, and in further answering states that it was warranted by the plaintiff's performance and consistent with Wyeth guidelines for the evaluation of employees.

47. Wyeth denies the allegations in this paragraph of the plaintiff's complaint.

48. [No paragraph 48 is set forth in the complaint].

49. Wyeth denies the allegations in this paragraph of the plaintiff's complaint.

50. Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the plaintiff's complaint because they are self-serving and not objective facts capable of a response, and therefore denies the same, with the exception of Dr. Woghiren's filing a complaint at the Massachusetts Commission Against Discrimination, which is admitted.

51. Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the plaintiff's complaint because they are self-serving and not objective facts capable of a response, and therefore denies the same.

52. Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the plaintiff's complaint because they are self-serving and not objective facts capable of a response, and therefore denies the same.

53. Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the plaintiff's complaint because they are self-serving and not objective facts capable of a response, and therefore denies the same.

54. Wyeth denies that it retaliated against Dr. Woghiren or engaged in any other unlawful activity, and in further answering states that Dr. Woghiren's failure to meet the goals set forth in his Performance Improvement Plan speaks for itself.

55. Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the plaintiff's complaint with respect to Mr. Woghiren's physical condition, but to the extent that this paragraph alleges unlawful conduct on the part of Wyeth, the allegations are denied.

56. Wyeth admits that Mr. Woghiren took a leave of absence during the dates in question, but lacks knowledge or information sufficient to confirm or deny the exact reasons other than those he stated when requesting the leave of absence.

57. Wyeth admits the allegations in this paragraph of the plaintiff's complaint, but in further answering states that Dr. Woghiren was an employee at will, such discharge was for cause and was not unlawful in any manner.

## COUNT I
### (Discrimination)

58. No answer is required by Wyeth to this paragraph of the plaintiff's complaint.

59. Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the plaintiff's complaint, and in further answering states that these allegations are conclusions of law to which no response is required.

60. Wyeth denies the allegations in this paragraph of the plaintiff's complaint.

61. Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the plaintiff's complaint with respect to Mr. Woghiren's physical condition or the losses alleged, but to the extent that this paragraph alleges unlawful conduct on the part of Wyeth, the allegations are denied.

## COUNT II
## (Retaliation)

62. No answer is required by Wyeth to this paragraph of the plaintiff's complaint.

63. Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the plaintiff's complaint, and in further answering states that these allegations are conclusions of law to which no response is required.

64. Wyeth denies the allegations in this paragraph of the plaintiff's complaint.

65. Wyeth lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the plaintiff's complaint with respect to Mr. Woghiren's physical condition or the losses alleged, but to the extent that this paragraph alleges unlawful conduct on the part of Wyeth, the allegations are denied.

## AFFIRMATIVE DEFENSES

### First Defense

The plaintiff cannot establish a *prima facie* case of discrimination against Wyeth, because during the relevant time period he did not suffer any disparate treatment compared to other, similarly situated employees.

### Second Defense

The plaintiff cannot recover because the actions of Wyeth and its agents, servants and employees were not motivated in whole or in part by any unlawful discriminatory animus.

### Third Defense

Plaintiff's employment with Wyeth was terminable at-will. Nevertheless, Plaintiff, without justification or excuse, improperly interfered with and disrupted Wyeth's workplace and failed to properly perform his duties, and he was terminated for cause.

### WYETH RESERVES THE RIGHT TO ADD ADDITIONAL DEFENSES

### WYETH RESERVES ITS RIGHT TO A TRIAL BY JURY ON ALL ISSUES CAPABLE OF SUBMISSION TO A JURY

**WHEREFORE**, Wyeth prays that:

I. This case be dismissed and that the plaintiff be awarded nothing; and

II. That it be awarded its costs, attorneys' fees, and such other and further relief as this Court deems appropriate.

                                **WYETH And WYETH BIOPHARMA**
                                By Its Attorney,

                                _/s/ Michael A. Fitzhugh_
                                Michael A. Fitzhugh, Esq.
                                BBO# 169700
                                Edward P. O'Leary, Esq.
                                BBO# 551932
                                **FITZHUGH, PARKER & ALVARO LLP**
                                155 Federal Street, Suite 1700
                                Boston, MA 02110-1727

Dated: November 8, 2004            Tel: (617) 695-2330

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above ***Defendants' Answer to Plaintiff's Complaint*** on all counsel of record listed below by first class mail, postage prepaid on this 8th day of November, 2004

John C. Tocci Esq.
Merson & Lee, P.C.
171 Milk Street
Boston, MA 02109

_____
Angelina Velazquez