## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| **CLEMENT WOGHIREN,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 04-12148 WGY** |
| | ) | |
| **WYETH and WYETH BIOPHARMA,** | ) | |
| **Defendants.** | ) | |
| | ) | |

## PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE CHRISTOPHER PAJAK'S NOTES REGARDING DR. CLEMENT WOGHIREN

The plaintiff, Clement Woghiren, moves this Court, *in limine*, to bar the defendants from introducing evidence described by the defendants as "Chris Pajak's memo to Mike Dougherty dated 9/22/04 re: his concurrence with DM's decision to terminate CW." This record consists of an unsigned two page summary of criticism of Dr. Woghiren by Christopher Pajak, a Wyeth employee. See Exhibit 1, Christopher Pajak's Note. Mr. Pajak's note purports to summarize Dr. Woghiren's employment history at Wyeth and justify the reasons for his termination.

As grounds for this motion, the plaintiff states that this note constitutes hearsay and does not fall within any hearsay exception. The source of information and the method and circumstances of preparation, moreover indicate a lack of trustworthiness and should thereby be excluded, even if it does constitute a business record, pursuant to Fed.R.Evid. 803(6). Furthermore, even were the Court to determine that the note does fall within a hearsay exception, the document must be excluded as its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury.

Pursuant to Fed.R.Evid. 802, hearsay is inadmissible except as provided by the Rules of Evidence or other authority. Rule 803 sets forth hearsay exceptions including an exception for "Records of Regularly Conducted Activity" or the "Business Record Exception." Fed.R.Evid. 803(6). Pursuant to this exception a memorandum may be admissible if it is . . . "made at or near the time by . . . a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, all as shown by the testimony of the custodian or other qualified witness . . . unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness." Fed.R.Evid. 803(6). Christopher Pajak's note fails to meet the standard set forth in Rule 803(6) for the reasons set forth below and should therefore be excluded from evidence.

Hearsay exceptions are based on the premise that "the utility and reliability of certain kinds of hearsay outweigh the difficulties and burdens of obtaining the declarant's testimony." Ricciardi v. Children's Hosp. Med. Ctr., 811 F.2d 18 (1st Cir. 1987) (business record exception applied to regularly kept hospital records). Under the business record exception, the records must be kept in the ordinary course of business and there must be some evidence of *a business duty* to make and regularly maintain records of this type. United States v. Goodchild, 25 F.3d 55 (1st Cir. 1994); Willco Kuwait (Trading) S.A.K. v. deSavary, 843 F.2d 618, 628 (1st Cir. 1988) (emphasis added). The business record exception contemplates the admission of records created as a matter of course and not in anticipation of, or during the course of, litigation (i.e., medical records, business catalogs, loan histories, etc.). Ricciardi, 811 F.2d 18 (1st Cir. 1987), Grossman v. United States, 614 F.2d 295 (1st Cir. 1980), United States. v. Moore, 923 F.2d 910 (1st Cir. 1991).

Mr. Pajak's note is not a record contemplated by Rule 803(6) set forth above, nor is it kept in the course of a regularly conducted business activity.  Mr. Pajak's note purports to summarize Dr. Woghiren's employment history and history of performance issues at Wyeth, yet his entire summary appears to be based on information provided by Dr. Maratea.  See Exhibit 1.  Mr. Pajak's note contains numerous instances of multiple hearsay and contains no observations made directly by Mr. Pajak.  Id.  Mr. Pajak's note was not kept in the course of *any* regularly conducted business activity, nor did he have a business duty to make and regularly maintain such note.  Mr. Pajak appears to have created this records of his own volition, at the request of Dr. Maratea or to support Wyeth's pretextual reasons for terminating Dr. Woghiren.  Indeed, Dr. Woghiren had filed the instant action at the time Mr. Pajak drafted this note.

Even were the Court to determine that this hearsay record may constitute a business record, which it does not, the source of information and the method and circumstances of preparation indicate a lack of trustworthiness thereby requiring its exclusion pursuant to Rule 803(6).  Mr. Pajak drafted this summary on September 22, 2004, shortly before terminating Dr. Woghiren.  Mr. Pajak's note is completely self-serving and unreliable as he was fully aware of Dr. Woghiren's claim filed against Wyeth with the Massachusetts Superior Court, which action was removed to this Court.  Mr. Pajak was purposefully creating a written record to protect Wyeth from the charges and to document purported justifications for Dr. Woghiren's termination.

Finally, even if the Court does determine that this hearsay document constitutes an admissible record pursuant to one of the exceptions to the hearsay rule, the document must be excluded as its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury.  Fed.R.Evid. 403.  This document appears to

3

have been created by Mr. Pajak at the request of Dr. Maratea to assist her in creating a record of

issues with Dr. Woghiren's performance.  Mr. Pajak's note, moreover, is not based on his

personal observations; rather, he appears to rely on Dr. Maratea's self-serving reports in drafting

this note to support Dr. Woghiren's termination.

The defendants should not be allowed to introduce Mr. Pajak's note in evidence in this

trial.

Respectfully Submitted,

Clement Woghiren

By his attorneys,


/S/ John F. Tocci
John F. Tocci, Esq., BBO# 562139
Tocci, Goss & Lee, PC
35 India Street, 5th Floor
Boston, Massachusetts 02110
(617) 542-6200

Dated:  September 22, 2005