# Wyeth

## *Memorandum*

To:        Mike Dougherty                CC: Tonia Sicka

From:      Christopher Pajak   *CP 22Sep04*

Date:      September 22, 2004

Subject:   Employee Termination Recommendation – Clement Woghiren

Clement Woghiren works in the Quality Control Analytical Sciences and Technology (QC AS&T) department within the Quality Unit organization in Andover. Clement was originally hired on 12/3/1996 at Wyeth's Pearl River, NY facility. On 11/1/2001, Clement transferred to the Andover site as a Principal Scientist in the QC AS&T department.

In January 2002, Clement's manager (Robert Corcoran) resigned from his Associate Director position. Peri Ozker, Director of QC (who Mr. Corcoran reported too) temporarily assumed the responsibilities of the QC AS&T department until a replacement could be found. A search involving both internal and external candidates was completed (including Clement), and the position was ultimately filled on 1/6/2003 by an external candidate (Denny Maratea). In addition, this position was upgraded to a Director level due to Denny's extraordinary qualifications.

After a few months of Denny being in her new role with the company, she began to observe problems with Clement's performance. In addition, on several occasions she received unsolicited feedback from many of Clement's subordinates and co-workers with concerns about his communication, management, and leadership styles. Denny addressed this feedback and her concerns regarding Clement's job performance via regular one on one conversations with Clement, as well as in his 2003 performance review (see attached).

After being in her role for approximately 1 year, Denny observed much inefficiency with how the QC AS&T department was operating, and as a result, she made the decision to reorganize the functions of the group. This reorganization resulted in Clement's role changing to an individual contributor rather than a managerial position. Before making this decision to change Clement's role, Denny consulted with Clement to ask him where he thought his skills could best be utilized. Clement's response was that he felt Technology Transfer was the best fit for him, and ultimately that was the role that Denny placed Clement in upon the conclusion of her reorganization efforts. It should be noted that this decision to change Clement's job did not result in the loss of pay or grade level for Clement.

WYETH00448

For the next several months, Denny continued to provide Clement a great deal of feedback and coaching on his job performance, however this yielded very little improvement by Clement. Denny then made the decision (after consulting with her management and human resources) to place Clement on a performance improvement plan (PIP) on 4/22/2004 (see attached). Specifically, Denny sited quality/timelines of work and initiative as areas where Clement's performance was not meeting job expectations.

At that point Clement immediately filed a discrimination claim with the Massachusetts Commission Against Discrimination (MCAD). Up to that point, Clement had never expressed concerns to any other member of management or human resources that he felt he was being treated unfairly or discriminated against (see Ken O'Brien for Position Statement and supporting documentation defending this claim).

Denny continued to work with Clement closely to help him improve his job performance. The initial PIP lasted 30 days, and on 6/2/2004, Denny extended the PIP an additional 30 days, as Clement had not shown significant improvement. On 7/7/2004, (after consulting with her management and human resources), Denny placed Clement "On Notice," as his performance was still well below the expectations for an employee with Clement's level of experience.

On 7/14/2004, Clement then requested a leave of absence claiming that stress he was experiencing at work was causing a medical condition that required him to take time away from work. Clement's initial claim with Wyeth's short-term disability insurance carrier (MetLife) was denied and the claim was then filed with Worker's Compensation. Again, the claim was denied and Clement filed an appeal with MetLife. Clement returned from his leave of absence on 8/18/2004, and his appeal/claim with MetLife has been denied as sufficient documentation has not been provided to MetLife to approve his claim.

Upon Clement's return, Denny re-initiated Clement's "On Notice" program on 8/24/2004. Throughout the On Notice period Clement has failed to show significant, sustained improvement. Additionally, Clement has been very resistant to accepting coaching and feedback on his work from Denny and Peri Ozker (Denny's manager).

Based on this employee's history of poor performance, I am in agreement with the decision to terminate the employment of Clement Woghiren.

WYETH00449