UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CLEMENT WOGHIREN,<br>   Plaintiff,<br><br>  v.<br><br>WYETH and WYETH BIOPHARMA,<br>   Defendants. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO. 04-12148 WGY<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE DR. DENISE MARATEA'S NOTES REGARDING DR. CLEMENT WOGHIREN**

  The plaintiff, Clement Woghiren, moves this Court, *in limine*, to bar the defendants from introducing evidence described by the defendants as "DM Notes January – June 2004." These records consist of a self-serving, thirty page chronology of criticism of Dr. Woghiren by Dr. Maratea. Exhibit 1, Dr. Maratea's Notes. Many of the entries reflect purported conversations occurring after Dr. Woghiren filed a charge of discrimination with the Massachusetts Commission Against Discrimination ("MCAD").

  As grounds for this motion, the plaintiff states that these notes constitute hearsay which does not fall within any exception to the hearsay rule. The source of information and the method and circumstances of preparation, moreover, indicate a lack of trustworthiness and should thereby be excluded as unfairly prejudicial. Fed.R.Evid. 803(6).

  Pursuant to Fed.R.Evid. 802, hearsay is inadmissible except as provided by the Rules of Evidence or other authority. Rule 803 sets forth hearsay exceptions including an exception for "Records of Regularly Conducted Activity" or the "Business Record Exception." Fed.R.Evid. 803(6). Pursuant to this exception, a memorandum may be admissible if it is . . . "made at or near the time [of the event or occurrence recorded] by . . . a person with knowledge,

1

if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, all as shown by the testimony of the custodian or other qualified witness . . . unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness." Fed.R.Evid. 803(6).  Dr. Maratea's notes fail to meet the standard set forth in Rule 803(6) and should therefore be excluded from evidence.

Hearsay exceptions are based on the premise that "the utility and reliability of certain kinds of hearsay outweigh the difficulties and burdens of obtaining the declarant's testimony." Ricciardi v. Children's Hosp. Med. Ctr., 811 F.2d 18 (1st Cir. 1987) (business record exception applied to regularly kept hospital records).  Under the business record exception, the records, in order to be admissible, must be kept in the ordinary course of business and there must be some evidence of *a business duty* to make and regularly maintain records of this type.  United States v. Goodchild, 25 F.3d 55 (1st Cir. 1994); Willco Kuwait (Trading) S.A.K. v. deSavary, 843 F.2d 618, 628 (1st Cir. 1988) (emphasis added).  The business record exception contemplates the admission of records created as a matter of course and not in anticipation of, or during the course of, litigation (i.e., medical records, business catalogs, loan histories, etc.).  Ricciardi, 811 F.2d 18 (1st Cir. 1987); United States. v. Moore, 923 F.2d 910 (1st Cir. 1991); Grossman v. United States, 614 F.2d 295 (1st Cir. 1980).

Dr. Maratea's notes are not in the nature of "business records" contemplated by Rule 803(6), nor are they created and maintained in the course of a regularly conducted business activity.  Dr. Maratea's notes comprise a thirty page running chronology from February 12, 2003 through June 2, 2004.  See, Exhibit 1.  Her notes refer to purported conversations between Dr. Woghiren and other Wyeth employees.  Id.  Dr. Maratea follows no particular format in drafting

the notes and the notes contain numerous instances of multiple hearsay. Id. Dr. Maratea's notes were not kept in the course of *any* regularly conducted business activity, nor did Dr. Maratea have a business duty to make and regularly maintain such notes. Dr. Maratea appears to have created these records of her own volition and not as a result of a Wyeth requirement.

Dr. Maratea's notes are also not admissible pursuant to the "Present Sense Impression" exception to the hearsay rule. Fed.R.Evid. 803(1). Rule 803(1) permits admission of a "statement describing or explaining an event or condition while the declarant was perceiving the event or condition, or immediately thereafter." Id. The rationale behind the present sense impression exception is that the "substantial contemporaneity of the statement and the event described or explained off-sets the likelihood of deliberate or conscious misrepresentation." United States v. Ferber, 966 F. Supp. 90, 97 (D. Mass. 1997). To avail itself of the present sense impression exception, the introducing party must satisfy three requirements: (1) the declaration must be limited to describing or explaining the event in question, (2) the statement must be made contemporaneously or immediately after the event described, and (3) the declarant must have been describing something she perceived. Id. Only when the statement is made in circumstances "in which the declarant had little chance to revise his initial reaction is it admissible." Rutledge v. Macy's East, Inc. 2001 U.S. Dist LEXIS 18684 (D. Me. 2001), quoting United States v. Santos, 201 F.3d 953, 964 (7th Cir. 2000). "Reflective summaries," such as Dr. Maratea's, are inadmissible. Santos, at 964.

Dr. Maratea's notes are simply reflective summaries and are therefore inadmissible. See, Exhibit 1. Dr. Maratea's notes frequently describe meetings or conversations other than the ones she purports to summarize. Id. Furthermore, there is no indication from Dr. Maratea's notes that they were made "contemporaneously or immediately after the event described." In fact, Dr.

3

Maratea's notes from an alleged May 20, 2004 meeting with Dr. Woghiren state that she "did not receive [Dr. Woghiren's] copies to date (5/24/04)," which clearly proves that these notes were written four days after the meeting.  Her May 27, 2004 note reflects that, on that day, Dr. Maratea was attending a Wyeth meeting in Montreal.  Her notes clearly evidence that they were written after that date, "Robyn immediately faxed them to me (I was at a Wyeth meeting in Montreal)."  See, Exhibit 1.  Dr. Maratea, in creating other entries, does not indicate when the notes were created or transcribed, but they are all written in past tense.  Id.  Dr. Maratea's notes are not signed nor sworn, and it is unknown how much time elapsed between the alleged meetings and conversations and her drafting of the notes during which she could revise her initial reaction.  Id.  Furthermore, many of the notes were drafted after Dr. Woghiren filed a charge of discrimination against Wyeth with the MCAD, giving her every conceivable reason to falsify or exaggerate her entries at that time.  Clearly, Dr. Maratea's notes amount to nothing more than a self-serving reflective summary that is inadmissible as a hearsay exception.

Even were the Court to determine that these hearsay records constitute business records or present sense impression, which they do not, the source of information and the method and circumstances of preparation indicate a lack of trustworthiness thereby requiring their exclusion.  Dr. Woghiren has alleged that Dr. Maratea is the primary illegal actor in this matter.  He contends that she engaged in a campaign against Dr. Woghiren, motivated, in part, by race.  Dr. Woghiren filed a discrimination charge against Wyeth with the MCAD on April 22, 2004, and almost one-half of Dr. Maratea's notes date from after the filing of that charge.  Dr. Maratea's notes are completely self-serving and unreliable as she was fully aware of Dr. Woghiren's charges and was purposefully creating a written record to protect herself from his charges and to document purported justifications for his termination.

4

The defendants should not be allowed to introduce Dr. Maratea's notes in evidence in this trial.

        Respectfully Submitted,

        Clement Woghiren

        By his attorneys,


        /S/ John F. Tocci
        John F. Tocci, Esq., BBO# 562139
        Tocci, Goss & Lee, PC
        35 India Street, 5th Floor
        Boston, Massachusetts 02110
        (617) 542-6200

Dated: September 22, 2005