UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CLEMENT WOGHIREN,<br>            Plaintiff,<br><br>    v.<br><br>WYETH and WYETH BIOPHARMA,<br>            Defendants. | )<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 04-12148 WGY<br>)<br>)<br>)<br>) |

### PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE SHARLEEN MIELE'S E-MAIL REGARDING DR. CLEMENT WOGHIREN

The plaintiff, Clement Woghiren, moves this Court, *in limine*, to bar the defendants from introducing evidence described by the defendants as "Sharleen Miele memo to DM dated 1/27/04." Wyeth seeks to admit an e-mail from Sharleen Miele, a Wyeth employee, dated January 27, 2004 purportedly addressing Dr. Woghiren's performance at meetings on January 20, 2004 and January 22, 2004. See Exhibit 1, Sharleen Miele's E-mail (the "E-Mail").

As grounds for this motion, the plaintiff states that these notes constitute hearsay and do not fall within a hearsay exception. Furthermore, even were the Court to determine that the E-Mail does fall within a hearsay exception, the document must be excluded as its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury.

Pursuant to Fed. R. Evid. 802, hearsay is inadmissible except as provided by the Rules of Evidence or other authority. Rule 803 sets forth hearsay exceptions including an exception for "Records of Regularly Conducted Activity" or the "Business Record Exception." Fed. R. Evid. 803(6). Pursuant to this exception, a memorandum may be admissible if it is . . . "made at or near the time [of the act or events recorded] by . . . a person with knowledge, if kept in the course

of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, all as shown by the testimony of the custodian or other qualified witness . . . unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness." Fed.R.Evid. 803(6).  Sharleen Miele's E-Mail fails to meet the standard set forth in Rule 803(6) and should therefore be excluded from evidence.

Hearsay exceptions are based on the premise that "the utility and reliability of certain kinds of hearsay outweigh the difficulties and burdens of obtaining the declarant's testimony." Ricciardi v. Children's Hosp. Med. Ctr., 811 F.2d 18 (1st Cir. 1987) (Business Record Exception applied to regularly kept hospital records).  To qualify under the business record exception to the hearsay rule, a record must be kept in the ordinary course of business and there must be some evidence of a business duty to make and regularly maintain records of this type.  United States v. Goodchild, 25 F.3d 55 (1st Cir. 1994), Willco Kuwait (Trading) S.A.K. v. deSavary, 843 F.2d 618, 628 (1st Cir. 1988).  E-mails, specifically, must be required by the company as part of a procedure to be admissible under the Business Record Exception.  United States v. Ferber, 966 F. Supp. 90, 98 (D. Mass. 1997).

Ferber specifically addresses foundation requirements to admit e-mails in evidence that are otherwise inadmissible under the hearsay rule.  Id.  In order for an e-mail to be admissible under the business record exception, the business must require such an e-mail to be created and maintained.  Id.  For an e-mail to qualify under Fed.R.Evid. 803(2), the "excited utterance exception" to the hearsay rule, the court considers the length and substance of the e-mail to determine whether there was "ample time [to] reflect." Id., at 99.  Finally, in order for an e-mail to qualify under Fed.R.Evid. 803(1) the "present sense impression" exception to the hearsay rule,

the e-mail must be drafted immediately after the event happens. Id. (statements made within 10 and 23 minutes are allowed under Rule 803(1)).

First, Ms. Miele's E-Mail was not kept in the course of *any* regularly conducted business activity. In fact, it appears to have been drafted upon the request of Dr. Maratea to establish a record of performance problems. Second, there is no indication that Ms. Miele was under a business duty to make and regularly maintain this type of record. Wyeth did not require her to create the E-Mail nor did it require Dr. Maratea to maintain it. Ms. Miele appears to have created this e-mail on her own volition or upon consultation with Dr. Maratea.[1]

Finally, even if the Court does determine that this hearsay record constitutes an admissible record pursuant to one of the exceptions to the hearsay rule, the document must be excluded as its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury. Fed.R.Evid. 403. This document appears to have been created by Ms. Miele at the request of Dr. Maratea to assist her in creating a record of issues with Dr. Woghiren's performance. It contains innuendo, vague references and general condemnation of Dr. Woghiren without clearly delineating the roles of the multitude of other actors on this project and their contributions to any alleged problems. This E-mail tends to suggest a proposition – Dr. Woghiren's performance problems – on an improper basis.

The defendants should not be allowed to introduce Sharleen Miele's E-Mail into evidence in this trial.

---

[1] Clearly, Ms. Miele's e-mail does not fall under the "excited utterance" or "present sense impression" exceptions to the hearsay rule. Ms. Miele's e-mail is dated January 27, 2004 and her comments refer to purported meetings on January 20, 2004 and January 22, 2004.

        Respectfully Submitted,

        Clement Woghiren

        By his attorneys,

        /S/ John F. Tocci
        John F. Tocci, Esq., BBO# 562139
        Tocci, Goss & Lee, PC
        35 India Street, 5th Floor
        Boston, Massachusetts 02110
        (617) 542-6200

Dated: September 22, 2005