UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CLEMENT WOGHIREN,<br>           Plaintiff,<br><br>       v.<br><br>WYETH and WYETH BIOPHARMA,<br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 04-12148 WGY |

**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE
ZINMA KHAW'S E-MAILS AND EXIT INTERVIEW QUESTIONNAIRE**

The plaintiff, Clement Woghiren, hereby moves this Court to bar the defendants from introducing evidence described by the defendants as "Zinma Khaw Memos & Exit Interview Questionnaire June '02." Wyeth seeks to admit two e-mails (the "E-Mails") and an exit interview questionnaire (the "Questionnaire") allegedly completed by Zinma Khaw, a former Wyeth employee, on June 21, 2002 as she was terminating her Wyeth employment. It is entirely unclear to whom her statements contained in her Questionnaire refer. Ms. Khaw's E-Mails refer to, among other things, her working experience with Dr. Woghiren. Id.

As grounds for this motion, the plaintiff asserts that that the Questionnaire lacks relevancy and that both the E-Mails and Questionnaire (respectively, Exhibits 1 and 2) constitute hearsay which does not fall within any exception to the hearsay rule. Regardless of whether the E-mails and Questionnaire constitute impermissible hearsay, the Court should exclude these documents as their probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury.

First, the Court should exclude the Questionnaire as irrelevant. In order for evidence to be admissible, it must be relevant, meaning it must make "the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R. Evid. 401. The Questionnaire, allegedly completed by Zinma Khaw as her last act as a Wyeth employee does not make any fact of consequence in this action more or less probable. In fact, the Questionnaire, and the statements made by Ms. Khaw therein, provides no specific information whatsoever regarding Dr. Woghiren. Exhibit 1. While the defendants may argue that Ms. Khaw used the form to unfavorably evaluate Dr. Woghiren as a supervisor, Ms. Khaw does not directly refer to Dr. Woghiren on this document. Id. Ms. Khaw only refers to "immediate management" in her evaluation. Such a statement could refer to any one of a number of management employees in Wyeth's Quality Control Analytical Science and Technology Laboratory ("AST").

Wyeth's case for admission of this document is not aided by the form's earlier listing of Dr. Woghiren as her "immediate supervisor." Id. While Dr. Woghiren is listed as Ms. Khaw's "immediate supervisor," it is entirely speculative to presume that her use of the term "immediate management" refers exclusively or otherwise to Dr. Woghiren. In fact, it is logical to conclude that Ms. Khaw utilized the term "immediate management" to refer to one or more superiors other than Dr. Woghiren, who is identified on the form as her "immediate supervisor." The questionnaire is therefore irrelevant and inadmissible.

The E-Mails and Questionnaire also constitute inadmissible hearsay. While "Records of Regularly Conducted Activity" or the "Business Record Exception" is an exception under which a document may fall, such a document may be admitted pursuant to this exception (Fed. R. Evid. 803(6)) only if it is

> made at or near the time [of the acts or events recorded] by . . . a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum . . . all as shown by the testimony of the custodian or other qualified witness . . . unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

Ms. Khaw's E-Mails to Gillian Pearson and the Questionnaire fail to meet the standard set forth in Rule 803(6) and should therefore be excluded from evidence.

To fall within the purview of the business records exception to the hearsay rule, the records at issue must be kept in the ordinary course of business and there must be some evidence of a business duty to make and regularly maintain records of this type. United States v. Goodchild, 25 F.3d 55 (1st Cir. 1994); Willco Kuwait (Trading) S.A.K. v. deSavary, 843 F.2d 618, 628 (1st Cir. 1988). E-Mails, specifically, must be required by company procedure to be admissible under the business record exception. United States v. Ferber, 966 F. Supp. 90 (D. Mass. 1997). As noted by this Court in Ferber, a guaranty of reliability of documents falling within the business records exception "is that the record was made in the course of a routine business practice." Ferber at 98. The rule therefore requires that the declarant be under a business duty to create and maintain such a record. "Were it otherwise, virtually any document found in the files of a business which pertained in any way to the functioning of that business would be admitted willy-nilly as a business record." Id at 99.

Ms. Khaw was under no business duty to make and regularly maintain her E-Mail and Questionnaire. In fact, she had terminated her employment and appears to have created these records, particularly the E-Mails, voluntarily. The E-Mails and Questionnaire, moreover, hardly bear the indicia of reliability entitling them to the protection as a business record. Ms. Khaw's E-Mails and Questionnaire are certainly not the sort of records contemplated by Rule 803(6), nor are they kept in the course of a regularly conducted business activity. Rather, Ms. Khaw's E-

Mails appear to be a last-chance opportunity to disparage Dr. Woghiren on her way out the door. Id.  Wyeth never confronted Dr. Woghiren about the E-Mails or Ms. Khaw's purported complaints.  He never saw either the E-Mails or the Questionnaire until discovery in this case.

Finally, even were the Court to determine that these hearsay records constitute admissible business records, the Court should exclude them as their probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury. Fed.R.Evid. 403.  The E-Mails and Questionnaire date back to June, 2002.  See Exhibits 1 and 2.  Ms. Khaw apparently created these documents on her final day of employment at Wyeth.  Id. The complaints contained in her E-Mails and the concerns raised in her Questionnaire, to the extent such concerns relate to Dr. Woghiren, were never addressed to Dr. Woghiren and he first learned of them upon discovery in this litigation.  He had no opportunity to confront this long-departed Wyeth employee and to discover additional facts bearing on her statements.  Ms. Khaw's complaints have little, if anything, to do with his discrimination complaint against Wyeth and would unnecessarily confuse a jury who would be left to speculate about events related in documents by a former Wyeth employee who departed the company over three years ago.  Admitting the records, with or without an opportunity for cross-examination of the witness, would offer little evidence of probative value while unfairly prejudicing the plaintiff and confusing and misleading the jury. Fed.R.Evid. 403.

The defendants should not be allowed to introduce Zinma Khaw's E-Mails and Questionnaires in evidence in this trial.

4

        Respectfully Submitted,

        Clement Woghiren

        By his attorneys,


        /S/ John F. Tocci
        John F. Tocci, Esq., BBO# 562139
        Tocci, Goss & Lee, PC
        35 India Street, 5th Floor
        Boston, Massachusetts 02110
        (617) 542-6200

Dated: September 22, 2005