**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CLEMENT WOGHIREN, )<br>        Plaintiff, )<br>)<br>v. )<br>)<br>WYETH and WYETH BIOPHARMA, )<br>        Defendants. )<br>) | CIVIL ACTION NO. 04-12148 WGY |

**PLAINTIFF'S REQUEST FOR JURY INSTRUCTIONS**

In addition to those required by law, the plaintiff requests the Court to provide the following instructions to the jury. Dr. Woghiren reserves the right to supplement and revise these proposed jury instructions after the close of evidence.

Respectfully Submitted,

Clement Woghiren

By his attorneys,

/S/ John F. Tocci
John F. Tocci, Esq., BBO# 562139
Tocci, Goss & Lee, PC
35 India Street, 5th Floor
Boston, Massachusetts 02110
(617) 542-6200

Dated:  September 30, 2005

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **CLEMENT WOGHIREN,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 04-12148 WGY** |
| | ) | |
| **WYETH and WYETH BIOPHARMA,** | ) | |
| **Defendants.** | ) | |

Request 1

## DESCRIPTION OF THE CASE

This is a case in which the Plaintiff, Dr. Clement Woghiren, has alleged discrimination based on race, national origin and/or background against his former employer, the Defendant, Wyeth. Dr. Woghiren also alleges that Wyeth retaliated against him for complaining of discrimination. Dr. Woghiren seeks redress from Wyeth for alleged adverse employment actions taken by Wyeth, including his demotion and termination. Thus, in this case, Dr. Woghiren is alleging that the defendants discriminated against him in a variety of ways, based on his race, his national origin, and his complaints about discrimination and/or any combination of the above. Wyeth denies taking any illegal discriminatory or retaliatory action against Dr. Woghiren. The burden of proof is on the Plaintiff, Dr. Woghiren, to demonstrate to you either that Wyeth took adverse employment actions against him because of his race, national origin or background, or because he complained about discriminatory conduct, and/or any combination. There are two separate aspects of these claims, discrimination and retaliation, which I will explain below.

*M.G.L. c. 151B, §4; Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981); *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973); *Brown v. Trustees of Boston Univ.*, 891 F.2d 337, 352 (1st Cir. 1989) (properly worded instruction permits jury to consider combinations of protected class statuses as a reason for termination).

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CLEMENT WOGHIREN,** ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 04-12148 WGY** |
| ) | |
| **WYETH and WYETH BIOPHARMA,** ) | |
| **Defendants.** ) | |

<u>Request 2</u>

## BURDENS AND WEIGHT

**A.  BURDEN OF PROOF**

1.      Some of you may have heard the phrase "proof beyond a reasonable doubt."  That is a criminal law standard and is not the standard of proof you will apply in this case.

2.      The plaintiff's burden of proof in this case is to prove the elements of his claims by a preponderance of the evidence.  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  It means that the plaintiff must convince you that it is more probable than not that the plaintiff was discriminated against and/or retaliated against.

3.      In weighing all of the evidence, think of a scale.  If the evidence is equally divided and the scale does not tip in either direction, you must find for the defendants. However, if you find that the evidence tips the scale, however slightly, in favor of the plaintiff, then it becomes more likely than not that the defendants engaged in unlawful discrimination or retaliation and you must find for the plaintiff.  For the purposes of rendering your verdict, it

makes no difference whether you believe the probability that such claim is valid to be 51% or

100%, or somewhere in between; in all such cases, you must find for the plaintiff.

**B.     EVIDENCE**

1.     There are two types of evidence which you may properly use in reaching your

verdict: direct and circumstantial evidence.

2.     You have direct evidence when a witness testifies directly about the fact that is to

be proved, based on what he or she claims to have seen, heard or felt, and the only question is

whether you believe the witness.

3.     You have circumstantial evidence where no witness can testify directly about the

fact that is to be proved, but you are presented with evidence of other facts and then asked to

draw reasonable inferences from them about the fact that is to be proved.

4.     Let me give you an example:  Your daughter might tell you one morning that she

sees the mailman at your mailbox.  That is direct evidence that the mailman has been to your

house.  On the other hand, she might tell you only that she sees mail in the mailbox.  That is

circumstantial evidence that the mailman has been there; no one has seen him, but you can

reasonably infer that he has been there because there is mail in the mailbox.

5.     Circumstantial evidence is of no less value than direct evidence; for, it is a general

rule that the law makes no distinction between direct evidence and circumstantial evidence but

simply requires that your verdict must be based on a preponderance of all evidence presented.

**C.     INFERENCES**

1.     An inference is a permissible deduction that you may make from evidence that

you have accepted as believable. Inferences are things you do every day: little steps in reasoning,

in which you take some known information, apply your experience in life to it, and then draw a

conclusion.  You may draw an inference even if it is not necessary or inescapable, so long as it is reasonable and warranted by the evidence.

2.      Let me give you an example of what an inference is. If your mailbox was empty when you left home this morning, and you find mail in it when you go home tonight, you may infer that the mailman delivered the mail. Now, obviously, you did not see the mailman deliver the mail, but from the fact that it was empty this morning and is filled tonight, you can properly infer that the mailman came in the interim and delivered the mail. That is all that we mean by an inference.

*Commonwealth v. Niziolek,* 380 Mass. 513, 523 (1980), *habeas corpus denied sub nom. Niziolek v. Ashe,* 694 F.2d 282 (1st Cir. 1982).  It is proper to use an illustration to explain the concept of inference. *Massachusetts Superior Court Civil Practice Jury Instructions* § 1.8.2 (MCLE, Inc. 1998 & Supp. 2001, 2003).

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CLEMENT WOGHIREN,** ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 04-12148 WGY** |
| ) | |
| **WYETH and WYETH BIOPHARMA,** ) | |
| **Defendants.** ) | |

<u>Request 3</u>

### RACE AND NATIONAL ORIGIN DISCRIMINATION

1. **GENERALLY**

The Massachusetts Fair Employment Practices statute, known as Chapter 151B, provides that it is unlawful for "an employer . . .  because of the race, color, national origin . . .  to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment." <u>G.L. c. 151B, §4(1)</u>.

2. **ELEMENTS OF CLAIM**

In order to prevail on a claim for employment discrimination against Wyeth, Dr. Woghiren must prove four things: (1) That he is black and of African background, to which the parties have stipulated; (2) that he suffered an adverse employment action by his employer; (3) that his employer had discriminatory animus; and (4) causation, meaning Dr. Woghiren's termination was "because of" discrimination.  In order to prove these elements Dr. Woghiren may use direct evidence or circumstantial evidence.

As mentioned above, the burden on the Plaintiff is to prove that race, national origin, retaliation, or a combination of any of these factors, was a motivating factor in the Wyeth's initiation of some adverse employment action against him. A motivating factor exists when an employer takes actions against an employee that it would not have taken if it were not for such motivation. In determining whether illegal conduct has occurred, you must decide whether any adverse employment action or actions were motivated by Dr. Woghiren's race, national origin, or his complaints about discrimination.

Dr. Woghiren need not prove that discrimination and/or retaliation was the only reason Wyeth acted the way it did. You may find that Wyeth acted on the basis of race or retaliation, even if other, legitimate reasons also played a role in Wyeth's decisionmaking process. A plaintiff need only prove that discrimination and/or retaliation was a motivating or determining factor; the Plaintiff need not prove that they were the sole cause. Wyeth has claimed that it terminated Dr. Woghiren and took other adverse employment actions against him because of legitimate, nondiscriminatory reasons. If you are persuaded that one or more of the reasons Wyeth offered for Dr. Woghiren's termination is false, you may infer that Wyeth is covering up a discriminatory intent, motive or state of mind.

*Cariglia v. Hertz Equipment Rental Corp.*, 363 F.2d 77, 83 – 84 (1st Cir. 2004); *Cosme v. The Salvation Army*, 284 F. Supp. 2d 229, 234 – 240 (D. Mass. 2003); *Lipchitz v. Raytheon Co.,* 434 Mass. 493, 501 – 503.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CLEMENT WOGHIREN,<br>　　　　Plaintiff, | ) ) ) |
| v. | ) 　CIVIL ACTION NO. 04-12148 WGY |
| WYETH and WYETH BIOPHARMA,<br>　　　　Defendants. | ) ) ) ) |

Request 4

## **RETALIATION**

Dr. Woghiren has also brought a claim of retaliation against Wyeth. Chapter 151B, provides that it is unlawful "for any person [or] employer . . . to discharge, expel or otherwise discriminate against any person because he has . . . opposed any practices forbidden under this chapter or because he has filed a complaint, testified or assisted in any proceeding under" the statute.

If an employee complains of or opposes discrimination in the workplace, it is unlawful to retaliate against that employee. An employer may not take action against any of its employees because that person has opposed any unlawful discriminatory practice, or because such individual has made a charge, testified, participated in any manner in a proceeding or litigation under the anti-discrimination laws.

*M.G.L. c. 151B, §4(4).*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **CLEMENT WOGHIREN,** | ) | |
| **Plaintiff,** | ) | |
|  | ) | |
| **v.** | ) | **CIVIL ACTION NO. 04-12148 WGY** |
|  | ) | |
| **WYETH and WYETH BIOPHARMA,** | ) | |
| **Defendants.** | ) | |

Request 5

## RETALIATION: ELEMENTS

Dr. Woghiren claims that Wyeth retaliated against him because he filed complaints against Wyeth with the Massachusetts Commission Against Discrimination and/or with this Court. To recover on a retaliation claim, Dr. Woghiren must prove to you by a preponderance of the evidence the following elements:

1. Dr. Woghiren engaged in protected activity by filing a complaint, testifying, or assisting in a MCAD or court proceeding – the parties have stipulated that Dr. Woghiren engaged in such activities;

2. Second, Dr. Woghiren must prove that Wyeth was aware of these activities;

3. Third, Dr. Woghiren must prove that Wyeth thereafter took an adverse employment action against him; and

4. Fourth, Dr. Woghiren must prove that retaliation was a motivating or determinative factor in Wyeth's adverse employment action against him.

*Mesnick v. General Elec. Co.,* 950 F.2d 816, 827 (1st cir. 1991), cert. denied, 504 U.S. 985, 119 (1992); *Mole v. University of Mass.*, 442 Mass. 582, 591-92 (2004); *Ritchie v. Department of State Police*, 60 Mass. App. 655, 664 (2004).

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

CLEMENT WOGHIREN,                    )
      Plaintiff,                )
                                    )
    v.                              )     CIVIL ACTION NO. 04-12148 WGY
                                    )
WYETH and WYETH BIOPHARMA,           )
      Defendants.               )
                                    )

Request 6

## RETALIATION: Causation

In order for Dr. Woghiren to prevail on his retaliation claim against Wyeth, Dr. Woghiren must prove that Wyeth took an adverse action against him because of his protected activity.

The fact that an adverse action occurred a short time after Wyeth became aware of Dr. Woghiren's protected activity can raise an inference that the defendants took the adverse action against the plaintiff because of the protected activity.   Even if you have no direct evidence that the adverse action was taken because of the protected activity, where the adverse action closely follows the protected activity, you may infer a causal connection.

*Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (where the temporal proximity is "very close" between knowledge of protected activity and the adverse action, that is sufficient evidence of causality); *Oliver v. Digital Equip. Corp.*, 846 F.2d 103, 110 (1st Cir. 1988); *Mole v. University of Mass.*, 442 Mass. 582, 595 (2004); *Ritchie v. Department of State Police*, 60 Mass. App. 655, 665-66 (2004) ("'Close temporal proximity between the protected activity and the adverse employment action permits an inference of the causal nexus necessary for a finding of retaliation.'"); *Thomas v. King Arthur's Motel and Lounge, Inc.*, 24 MDLR 66, 74 (2002) ("Since a link between the protected EEO activity and the adverse employment action(s) at issue is not always explicit, the Commission can infer a causal connection where the timing of events makes an inference reasonable."); *Kealy v. City of Lowell, Dep't of Public Sch.*, 21 MDLR 19, 24 (1999) ("absent other evidence of retaliatory motive, the adverse action followed the protected activity within such a time that retaliatory motive can be inferred", *aff'd in relevant part*, 61 Mass. App. Ct. 1120 (2004).

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CLEMENT WOGHIREN, | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | CIVIL ACTION NO. 04-12148 WGY |
|  | ) | |
| WYETH and WYETH BIOPHARMA, | ) | |
| Defendants. | ) | |
|  | ) | |

Request 7

## ADVERSE ACTION

To establish an adverse action on either his discrimination claim or retaliation claim, Dr. Woghiren must prove to you that Wyeth took an action that was detrimental to Dr. Woghiren, that is, an action that changed his working conditions such that it created a "material disadvantage in [his] employment." An adverse action clearly includes termination.

Mass. Gen. L. c. 151B, § 4(4); *Mole v. University of Mass.*, 442 Mass. 582, 592 n.14 (2004); *MacCormack v. Boston Edison Co.*, 423 Mass. 652, 662–63 (1996) (plaintiff must prove that he had been "disadvantaged in respect to salary, grade, or other objective terms and conditions of employment"); *Ritchie v. Department of State Police*, 60 Mass. App. 655, 665 (2004); *Kelley v. Plymouth County Sheriff's Department*, 22 MDLR 208, 215 (2000).

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CLEMENT WOGHIREN,** )<br>        **Plaintiff,** )<br> )<br>    **v.** )<br> )<br>**WYETH and WYETH BIOPHARMA,** )<br>        **Defendants.** )<br> ) | **CIVIL ACTION NO. 04-12148 WGY** |

Request 8

## CAUSATION

In determining whether Dr. Woghiren can prove that Wyeth took adverse actions against him because of discriminatory animus or his protected activity, you do not have to determine that Wyeth's discriminatory animus or desire to retaliate against Dr. Woghiren for his protected activity was the only cause of the adverse actions. It is sufficient that you determine that discriminatory animus or a desire to retaliate was a "material and important ingredient" in the decision-making process.

*Chief Justice for Admin. & Mgt. v. MCAD*, 439 Mass. 729, 735 (2003) ("even when non-discriminatory reasons play some role in a decision not to hire a particular applicant, that decision may still be unlawful if discriminatory animus was a 'material and important ingredient' in the decision-making calculus.") (quoting *Lipchitz*); *Lipchitz v. Raytheon Co.*, 434 Mass. 493, 506 n.19 (2001) ("the plaintiff must prove by a preponderance of the credible evidence that the defendant's discriminatory animus contributed significantly to that action, that it was a material and important ingredient in causing it to happen").

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CLEMENT WOGHIREN,<br>      Plaintiff,<br><br>v.<br><br>WYETH and WYETH BIOPHARMA,<br>      Defendants. | )<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 04-12148 WGY<br>)<br>)<br>)<br>) |

Request 9

## **PRETEXT**

Once Dr. Woghiren has raised the inference that Wyeth discriminated or retaliated against him, Wyeth must come forward with legitimate and non-discriminatory explanations for its actions. The defendants' reason or reasons must be supported by credible evidence. After weighing all of the evidence, including assessing the credibility of the witnesses, you may find for Dr. Woghiren if you find that any one of Wyeth's reasons are not true. Dr. Woghiren need not prove that all of the reasons offered are not true. If Dr. Woghiren succeeds in showing that one or more of the reasons which the defendants claimed it demoted or terminated him are not the true reasons, that may raise an inference that the real reason was discrimination or retaliation.

*Lipchitz v. Raytheon Co.*, 434 Mass. 493, 499, 506-507 (2001); *Abramian v. President & Fellows of Harvard College*, 432 Mass. 107, 116 (2000); *Wheelock College v. MCAD*, 371 Mass. 130, 138 (1976).

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **CLEMENT WOGHIREN,** ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 04-12148 WGY** |
| ) | |
| **WYETH and WYETH BIOPHARMA,** ) | |
| **Defendants.** ) | |

Request 10

## WYETH'S RESPONSIBILITY

As I have explained, you are being asked whether Wyeth subjected Dr. Woghiren to an adverse employment action on the basis of his race, national origin, retaliation, or any combination of those factors. Wyeth is responsible for the discriminatory and/or retaliatory adverse employment actions of its supervisory or managerial personnel. Wyeth has this responsibility, even if it has a policy prohibiting workplace discrimination or retaliation.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CLEMENT WOGHIREN,** ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 04-12148 WGY** |
| ) | |
| **WYETH and WYETH BIOPHARMA,** ) | |
| **Defendants.** ) | |

Request 11

## COMPENSATORY DAMAGES

If you find that the defendants discriminated or retaliated against Dr. Woghiren, you are required to award compensatory damages in an amount appropriate to compensate Dr. Woghiren for the damages you believe he sustained as a result of the retaliatory conduct. The purpose of compensatory damages is to compensate Dr. Woghiren to place him in the same position he would have been had he not been the victim of discrimination and/or retaliation. Compensatory damages include lost wages and benefits and emotional distress damages.

Mass. Gen. L. c. 151B, § 9; *Stonehill College v. MCAD*, 441 Mass. 549, 575-76 (2004) (emotional distress damages are awarded to compensate victims for the distress suffered because of the discrimination); *Conway v. Electro-Switch*, 402 Mass. 385, 388 (1988) (damages may be awarded for the "natural and probable consequences" of the illegal conduct and "must be causally related to the defendant's wrongdoing"); *Bournewood Hospital, Inc. v. MCAD*, 371 Mass. 303, 315-17 (1976) (Commission "may award damages for the natural and probable consequences of [the] retaliation"); *Lynch v. Western Union Corp.*, 13 MDLR 1621, 1649 (1991) ("After a finding of discrimination, the Commission may award a complainant compensation for damages incurred as a result of the discrimination, including back pay and emotional distress damages.").

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CLEMENT WOGHIREN,<br>        Plaintiff,<br><br>    v.<br><br>WYETH and WYETH BIOPHARMA,<br>        Defendants. | )<br>)<br>)<br>)<br>)    CIVIL ACTION NO. 04-12148 WGY<br>)<br>)<br>)<br>) |

Request 12

### DAMAGES: BACK PAY

If you find that Wyeth engaged in illegal discrimination and/or retaliation against Dr. Woghiren, you may award him his back pay damages, that is, the amount of wages and benefits that he would have earned, but did not, due to Wyeth's discrimination, reduced by the amount of his actual earnings from September 24, 2004 until the date of your verdict.  The purpose of back pay is to restore the victim of discrimination to the position he would have been in were it not for the unlawful discrimination.

*Franks v. Bowman Transp. Co. Inc.*, 424 U.S. 747, 764, 96 S. Ct. 1251, 1264 (1976); *Johnson v. Railway Express Agency*, 421 U.S. 454, 460, 95 S. Ct. 1716, 1720 (1975); *Conway v. Electro-Switch*, 402 Mass. 385, 388 (1988); *Beaupre v. Cliff Smith & Assocs.*, 50 Mass. App. Ct. 480, 496-497 & n.25 (2000).

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CLEMENT WOGHIREN,**       ) | |
|       **Plaintiff,**        ) | |
|                 ) | |
|       **v.**               ) | **CIVIL ACTION NO. 04-12148 WGY** |
|                 ) | |
| **WYETH and WYETH BIOPHARMA,**  ) | |
|       **Defendants.**      ) | |

<u>Request 13</u>

## **MITIGATION OF DAMAGES**

Dr. Woghiren has the duty to mitigate or attempt to mitigate his damages. However, the defendant bears the burden of showing, by a preponderance of the evidence, any failure by Dr. Woghiren to mitigate his damages. In order to prove a failure to mitigate, the defendants must prove the following:

    (a)     that there were comparable job opportunities for Dr. Woghiren in a location at least as convenient as Wyeth's Andover, Massachusetts' campus;

    (b)     that Dr. Woghiren unreasonably made no effort to apply for such jobs; and

    (c)     it was reasonably likely that he would have obtained such a job had he applied.

If you find that Dr. Woghiren used reasonable efforts in seeking an equivalent position, at a reasonable distance from his residence, and that he made good faith search efforts, then you must find that Dr. Woghiren met his duty to mitigate damages. Dr. Woghiren does not need to be successful in obtaining other employment to meet his duty to mitigate his damages.

*Conway v. Electro Switch Corp.*, 402 Mass. 385, 389 (1988);*Black v. School Comm. of Malden*, 369 Mass. 657, 661-62 (1976); *Buckley Nursing Home, Inc. v. MCAD*, 20 Mass. App. Ct. 172, 185 (1985).

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CLEMENT WOGHIREN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04-12148 WGY |
| | ) | |
| WYETH and WYETH BIOPHARMA, | ) | |
| Defendants. | ) | |

Request 14

## UNEMPLOYMENT COMPSENATION

Dr. Woghiren's unemployment compensation cannot be deducted from his compensatory or any other damages.

*Buckley Nursing Home, Inc. v. MCAD,* 20 Mass. App. Ct. 172, 182 (1984) rev denied, 395 Mass. 1103 (1985) (citations omitted) (Ruling that welfare benefits should not be deducted from back pay award to employment discrimination plaintiff); see also, *Norton School Comm. v. MCAD*, 63 Mass. App. Ct. 839, 848 (2005) (MCAD correctly declined to deduct unemployment benefits from back pay award).

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CLEMENT WOGHIREN,      ) | |
|        Plaintiff,        ) | |
|                ) | |
|     v.            ) | CIVIL ACTION NO. 04-12148 WGY |
|                ) | |
| WYETH and WYETH BIOPHARMA,  ) | |
|        Defendants.     ) | |

Request 15

**DAMAGES: EMOTIONAL DISTRESS**

If you find that Wyeth discriminated and/or retaliated against Dr. Woghiren, you must decide whether that discriminatory and/or retaliatory conduct caused Dr. Woghiren to suffer emotional distress.

Emotional distress is a personal injury ordinarily proved by showing the nature and circumstances of the wrong and its effect on the plaintiff. The term "emotional distress" can include mental anguish, loss of enjoyment from life, anger, embarrassment, humiliation or any other unpleasant or unexpected emotional state that you consider to be an injury to the plaintiff brought about by the defendants' conduct. You may consider the emotional effects on Dr. Woghiren's family life, daily activities, personal relationships, and his reputation.

If you decide that the discriminatory and/or retaliatory conduct did cause Dr. Woghiren to suffer emotional distress, then you must determine what amount of emotional distress damages to award based on that conduct. In determining what amount of emotional distress to award you must decide what amount is fair and reasonable and proportionate to the distress Dr. Woghiren suffered. There is no formula for you to follow. Some factors that you may consider include the

nature and character of the harm; the severity of the harm; the length of time Dr. Woghiren

suffered and/or continues to suffer; and whether Dr. Woghiren attempted to mitigate the harm

(for example, by counseling or by taking medication). In making this determination, you may use

your common sense judgment of what the emotional complications you believe would

accompany the discriminatory and/or retaliatory conduct and award the amount you feel is

necessary to compensate him for the harm he suffered.

A defendant takes the plaintiff as it finds him. Thus, Dr. Woghiren's emotional distress

must be fully compensated, whether or not he is particularly sensitive or vulnerable to emotional

injury.

*Stonehill College v. MCAD*, 441 Mass. 549, 576 (2004); *Bournewood Hospital, Inc. v. MCAD*, 371 Mass. 303, 315-17 (1976); *Carter v. Commissioner of Correction*, 43 Mass. App. Ct. 212, 227 (1997); *Buckley Nursing Home, Inc. v. MCAD*, 20 Mass. App. Ct. 172, 182, *further app. rev. denied*, 395 Mass. 1103 (1985).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CLEMENT WOGHIREN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04-12148 WGY |
| | ) | |
| WYETH and WYETH BIOPHARMA, | ) | |
| Defendants. | ) | |

Request 16

## DAMAGES: EMOTIONAL DISTRESS

In awarding emotional distress damages, you must be careful not to award emotional distress damages based on any distress Dr. Woghiren may have suffered from any other causes unrelated to Wyeth's illegal discriminatory and/or retaliatory conduct.

*Stonehill College v. MCAD*, 441 Mass. 549, 576 (2004).

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CLEMENT WOGHIREN,** )<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**WYETH and WYETH BIOPHARMA,** )<br>**Defendants.** )<br>) | **CIVIL ACTION NO. 04-12148 WGY** |

Request 17

## DAMAGES: EMOTIONAL DISTRESS

It is not necessary to show physical or psychological injury or psychiatric consultation for Dr. Woghiren to recover emotional distress damages.  You may award emotional distress damages based simply on the testimony of Dr. Woghiren himself, as well as his friends who have had a chance to observe how the Defendants' actions affected him.

*Stonehill College v. MCAD*, 441 Mass. 549, 576 (2004); *Franklin Publishing Company, Inc. v. MCAD*, 25 Mass. App. Ct. 974, 975 (1988); *Buckley Nursing Home, Inc. v. MCAD*, 20 Mass. App. Ct. 172, 182, *further app. rev. denied*, 395 Mass. 1103 (1985).

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **CLEMENT WOGHIREN,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 04-12148 WGY** |
| | ) | |
| **WYETH and WYETH BIOPHARMA,** | ) | |
| **Defendants.** | ) | |
| | ) | |

Request 18

## **DAMAGES**

An element of uncertainty in the assessment of damages does not prohibit you from awarding them.

*Conway v. Electro Switch Corp.*, 402 Mass. 385, 388 (1988); *H.D. Watts Co. v. American Bond and Mortgage Co.*, 267 Mass. 541 (1929).

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **CLEMENT WOGHIREN,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 04-12148 WGY** |
| | ) | |
| **WYETH and WYETH BIOPHARMA,** | ) | |
| **Defendants.** | ) | |

Request 19

## **PUNITIVE DAMAGES**

If you find that Wyeth discriminated and/or retaliated against Dr. Woghiren, you may consider whether punitive damages are warranted. Punitive damages are different from compensatory damages. Unlike compensatory damages, which compensate the victim for the harm he has suffered, the purpose of punitive damages is to punish the defendant for conduct that is outrageous because of the defendant's evil motive or reckless indifference to the rights of others. Punitive damages are appropriate where the defendant's conduct warrants condemnation and deterrence. In determining the amount of a punitive damage award, if any, you should consider:

1. the character and nature of the defendants' conduct;

2. the defendants' wealth, in order to determine what amount of money is needed to punish the defendants' conduct and to deter any future acts of discrimination;

3. the actual harm suffered by the plaintiff; and

4. the magnitude of any potential harm to other victims if similar future behavior is not deterred.

If you do award punitive damages, you should fix the amount by using calm discretion and

sound reason.

*TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 459–62 (1993); *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 15–20 (1991); *Contardo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 753 F.Supp. 406, 412 (D. Mass. 1990); *Dartt v. Browning-Ferris Indus., Inc.*, 427 Mass. 1, 16–17 (1998); *Bain v. City of Springfield*, 424 Mass. 758, 767–68 (1997); *Labonte v. Hutchins & Wheeler*, 424 Mass. 813, 826–27 (1997); Restatement (Second) of Torts § 908(2) (1979).