UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CLEMENT WOGHIREN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04-12148 WGY |
| | ) | |
| WYETH and WYETH BIOPHARMA, | ) | |
| Defendants. | ) | |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

Pursuant to Fed.R.Civ.P. 50(a), defendants Wyeth and Wyeth BioPharma (collectively referred to herein as "Wyeth") hereby renew their Motion for Judgment as a Matter of Law. As grounds for this Motion, Wyeth states that Dr. Woghiren has failed to establish a prima facie case of discrimination because he was not replaced. For the foregoing reasons, Dr. Woghiren's claims for discrimination and retaliation under M.G.L. c. 151B also fail. Wyeth is thus entitled to a judgment as a matter of law.

## ARGUMENT

**I.   DR. WOGHIREN WAS NOT REPLACED BY A SIMILARLY QUALIFIED INDIVIDUAL, THUS HE FAILED TO ESTABLISH A PRIMA FACIE CASE**

According to *Zhang v. Massachusetts Inst. Of Tech.,* 46 Mass.App.Ct. 597 (1999), Dr. Woghiren must prove the following elements in order to establish a *prima facie* case of discrimination:

1. he was a member of a racial minority;

    2. he was doing his job acceptably;

    3. he was terminated; and

    4. he was replaced by a similarly qualified individual.

*Zhang,* 46 Mass.App.Ct. at 604.

Some courts have waived this fourth element, but such instances involved a termination because of a reduction in workforce. *LeBlanc v. Great American Ins. Co.*, 6 F.3d 836, 842 (1993). In *LeBlanc* (age discrimination claim where reason for termination was a reduction in force), the fourth element was amended to require the employee to "demonstrate either that the employer did not treat age neutrally or that younger persons were retained in the same position" *Id.* (*citing Hebert v. Mohawk Rubber Co.,* 872 F.2d 1104, 1111 (1st Cir.1989); *quoted in Goldman v. First Nat'l. Bank of Boston*, 985 F.2d 1113, 1117 (1st Cir.1993)) rather than show that he was replaced.

In *Le Blanc*, the First Circuit affirmed the district court's grant of defendant's motion for summary judgment. However, where the district court granted summary judgment on the initial ground that the employee failed to make out a *prima facie* case, the First Circuit disagreed on this point. The court reasoned that the question was too close as to whether Great American treated age neutrally, and that it retained younger employees in the same position that plaintiff held, and that "the burden of making out a *prima facie* case is not onerous." *Le Blanc*, 6 F.3d at 844. (*citing Mesnick v. General Elec. Co.*, 950 F.2d 816, 823 (1st Cir.1991)). Hence, the employee established a *prima facie* case, but the defendant's grant of summary judgment was ultimately upheld because the evidence failed "to create a genuine issue of material fact as to whether 'but for his employer's motive to discriminate against him because of his age [the employee] would

2

not have been discharged.'" *LeBlanc*, 6 F.3d at 849 (*citing Menard v. First Sec. Servs. Corp.,* 848 F.2d 281, 289 (1st Cir.1988)).

The instant case is distinguishable because there was no reduction in force. Thus, the fourth element, that Dr. Woghiren was replaced, must be proven in order for him to establish the *prima facie* case. In *LeBlanc*, the court stated that "[t]he elements of the *prima facie* case vary, within the age discrimination context, depending whether or not the plaintiff was dismissed as part of a reduction in force. If there was no reduction in force, the plaintiff establishes the *prima facie* case by demonstrating that he '(1) was at least forty years of age, (2) met the employer's legitimate job expectations, (3) experienced adverse employment action, and (4) was replaced by a person with roughly equivalent job qualifications.'" *LeBlanc*, 6 F.3d 836 at 842 (*citing Goldman,* 985 F.2d at 1117). Hence, Dr. Woghiren is obligated to furnish evidence that he was replaced by a similarly qualified individual in order to make out a *prima facie* case because his termination was not a result of a reduction in force.

In cases where an employee is terminated in a manner that is not part of a general reduction in force, the *prima facie* case necessitates a showing that the plaintiff was replaced. Hence, Dr. Woghiren must prove that he was replaced in order establish a *prima facie* case.

## **CONCLUSION**

For all of the foregoing reasons, Wyeth renews its previously filed Motion for Judgment As a Matter of Law and requests that this Court grant the requested relief.

                                                  **WYETH And WYETH BIOPHARMA**
                                                  By Its Attorneys,

                                                  _____
                                                  Michael A. Fitzhugh, Esq. BBO# 169700
                                                  Kristin E. Spriano, Esq. (*pro haec vice*)
                                                  **FITZHUGH, PARKER & ALVARO LLP**
                                                  155 Federal Street, Suite 1700
                                                  Boston, MA 02110-1727
                                                  Tel: (617) 695-2330

Dated:   January 10, 2006