UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CLEMENT WOGHIREN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 04-12148 WGY |
| | ) |
| WYETH, and | ) |
| WYETH BIOPHARMA, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR COSTS**

**I.   INTRODUCTION**

The plaintiff, Clement Woghiren (the "Plaintiff" or "Dr. Woghiren"), hereby opposes Wyeth and Wyeth Biopharma's (the "Defendants" or "Wyeth") Motion for Costs ("Motion"). The Defendants have moved the Court to assess costs in the amount of $13,664.97. As explained below, Wyeth's Motion should be denied in light of Dr. Woghiren's modest means and the chilling effect of such an award on civil rights plaintiffs. The sum requested by Wyeth, moreover, is excessive and unreasonable and the Court should deny the Defendants' Motion in its entirety.

**II.   ARGUMENT**

Certain litigation costs may be awarded to a prevailing party pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. 1920(1) et seq. The awarding of costs is not "mandatory [but] is left to the sound discretion of the district court." Heddinger v. Ashford Mem. Comm. Hosp., 734 F.2d 81, 86 (1st Cir. 1984); Gochis v. Allstate Ins. Co., 162 F.R.D. 248 (D. Mass. 1995). The trial courts have "long possessed broad discretion to deny costs as long as it offers a sound reason for doing

so." Gochis, at 250; In re San Juan Dupont Plaza Hotel Fire Lit., 994 F.2d 956, 962 (1st Cir. 1993); Sheehy v. Plymouth, 2001 U.S. Dist. LEXIS 993 (D. Mass. 2001). The United States Supreme Court has cautioned against "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur. . . . [I]tems proposed by winning parties as costs should always be given careful scrutiny." Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 235 (1964); see also Bonillo v. Trebol Motors Corp, 1997 U.S. Dist. LEXIS 4341, (D.P.R. 1997).

A court may deny costs upon determining that such an award would prove "inequitable under the circumstances." Sheehy, at *12. Justifications for denying costs include circumstances in which "expenses incurred by the prevailing party were either unreasonable or unnecessary, the prevailing party engaged in some misconduct, or the prevailing party's motion for costs is subject to some procedural defect such as a failure to abide by a local rule." Id. A court may also decline awarding costs to the prevailing party where, as here, a non-prevailing party's modest means would make an award "unfairly onerous and chill the exercise by individuals like him of their right to seek redress for civil rights violations." Hanger v. Gawron, 1998 US Dist LEXIS 5909 (D. Mass. 1998). Dr. Woghiren opposes the Defendants' Motion for Costs on the ground that his modest means would make an award unfairly onerous and result in a chilling impact on other Title VII plaintiffs. Further, the Defendants seek reimbursement of costs that were unreasonable and/or unnecessary.

### A. DR. WOGHIREN'S MODEST MEANS

The Court should deny the Defendants' Motion for costs on the ground that Dr. Woghiren's modest means – particularly in contrast to Wyeth's vast wealth -- would make an

award unfairly onerous. Awarding costs would, moreover, chill the exercise by individuals of their right to seek redress for civil rights violations.

It is important, particularly in civil rights cases, that plaintiffs not be "unduly intimidated" by the threat of imposition of costs. Hanger v. Gawron, 1998 US Dist LEXIS 5909, *3 (D. Mass. 1998); Coulter v. Newmont Gold Co., 873 F. Supp. 394, 397 (D. Nev. 1944). It is well established, particularly in Title VII cases, that a court may consider the limited resources of a plaintiff and the chilling effect of the imposition of costs in determining whether to award any costs at all. Hanger, at *3; Moore v. Hughes Helicopters, Inc., 708 F.2d 475, 486 (9th Cir. 1983) (citing NOW v. Bank of California, 680 F.2d 1291, 1294 (9th Cir. 1982)).

Hanger is analogous to the matter at hand and, therefore, instructive. In Hanger, the Court declined to award any costs to the prevailing Defendant in a § 1983 civil rights case "for three reasons."

> First, imposition of costs in this case, though not exorbitant, would work a severe hardship on the plaintiff, who, as noted, is unemployed and of limited means.
>
> Second, a substantial disparity in financial resources exists between the plaintiff and the defendants in this case. The defendants are being represented through an insurance carrier; plaintiff is an individual lacking regular employment at this time.
>
> Third, the plaintiff had a colorable claim for violation of his civil rights and it was litigated in a professional, ethical manner. . . . In the end, as was their prerogative, the jury found the defendants' version of events to be more credible. Nevertheless, it is important, in civil rights cases, that plaintiffs not be "unduly intimidated" by the threat of imposition of costs. Coulter v. Newmont Gold Co., 873 F. Supp. 394, 397 (D. Nev. 1944). Moreover, it is well established, in Title VII cases particularly, that the court may consider the limited resources of a plaintiff in determining whether to award costs. Moore v. Hughes Helicopters, Inc., 708 F.2d 475, 486 (9th Cir. 1983) (citing NOW v. Bank of California, 680 F.2d 1291, 1294 (9th Cir. 1982)). In these circumstances, no reason exists to treat plaintiffs bringing actions pursuant to Section 1983 any differently from those pursuing litigation under Title VII.

3

In exercising discretion, the Court can and should take into account Dr. Woghiren's limited financial resources in contrast to the resources of Wyeth. Papas v. Hanlon, 849 F.2d 702, 704 (1st Cir. 1988); Hanger, at *2. Although currently employed for the past eight months, Dr. Woghiren is still recovering from eight months of unemployment he suffered after his termination by Wyeth. See, Dr. Woghiren's Affidavit in Support of Opposition, filed herewith. Dr Woghiren's sole income source during this period of unemployment was unemployment insurance at a fraction of his prior salary. While receiving unemployment and actively conducting a job search, Dr. Woghiren depleted the equity in home in North Andover, Massachusetts to support himself, his son and his family in Nigeria. Id. Since obtaining a job in Georgia, Dr. Woghiren has had great difficulty selling his Massachusetts home due to the flattening of the real estate market and the heavy mortgages on the home. Id. He recently sold his home at a heavy loss. Id. The imposition of costs would work a severe hardship on Dr. Woghiren. On the other hand, Wyeth reported in a recent Earnings Report that its 2005 ***Net Revenue*** was ***$18.8 Billion***. See, Exhibit 4 to the Affidavit of John F. Tocci, Esq. field herewith, Wyeth's Earnings Report. Clearly, a great income disparity exists between Dr. Woghiren and the Defendants in this case.

### B. UNNECESSARY OR UNSUPPORTED COSTS

The prevailing party seeking costs bears the burden of establishing that such costs are allowed by statute and were reasonably necessary to conduct the litigation. Berryman v. Hofbauer, 161 F.R.D. 341, 344 (E.D. Mich. 1995); Green Constr. Co. v. Kansas Power & Light Co., 153 F.R.D. 670, 675 (D. Kan. 1994); see also Collins v. Gorman, 96 F.3d 1057, 1058 (7th Cir. 1996) (expenses not prescribed by statute must be borne by the party incurring them -- where the court cannot determine which outlays were prescribed by statute, no award will be

allowed); cf. Farmer, 379 U.S. at 235 ("items proposed by winning parties as costs should always be given careful scrutiny"). The prevailing party must also show that those costs were reasonable. NLFC, Inc. v. Devcom Mid-America, Inc., 916 F. Supp. 751, 757 (N.D. Ill. 1996); cf. Farmer, 379 U.S. at 235.

Many of the costs requested by Wyeth were unnecessary to the conduct of the litigation or unsupported by Wyeth's petition. Dr. Woghiren addresses below each category of cost sought by the Defendants.

### 1. DEPOSITION TRANSCRIPTS

While depositions introduced in evidence or used at trial may be taxable, it is within the Court's discretion to tax deposition costs only when warranted by special circumstances where such depositions were not introduced in evidence or used at the trial. Templeman v. Chris Craft Corp., 770 F.2d 245 (1st Cir. 1985). ***In all instances***, regardless of whether the deposition is offered in evidence or used at trial the prevailing party is not entitled to "expedited rates" unless it has prior court authorization or where the special character of the litigation necessitates an expedited rate. Fogleman v. Aramco, 920 F.2d 278 (5th Cir. 1991).

#### a. Reimbursement of Christopher Pajak's Deposition

The Defendants seek reimbursement of Christopher Pajak's deposition in the amount of $675.25. As the Defendants concede in Exhibit A of their Motion, Wyeth never used Mr. Pajak's deposition at trial, nor offered said deposition as evidence. The Defendants rely on their introduction of Trial Exhibit 45 to support their assertion that Mr. Pajak's deposition was "necessarily obtained for use in the case." Trial Exhibit 45, however, was a ***Joint Uncontested Exhibit*** and did not require Mr. Pajak's identification or authentication via deposition or other testimony. Wyeth has failed to carry its burden of demonstrating the necessity of Mr. Pajak's

deposition at trial. Wyeth has also failed to demonstrate any special circumstances warranting the Court's exercise of discretion in awarding costs associated with the deposition transcript production. The Court should therefore deny the Defendants' Motion as to Mr. Pajak's deposition transcript costs in the amount of $675.25.

### b. Expedited Rates

Defendants seek costs for various ancillary expenditures relating to the depositions of Mr. Pajak and Denise Maratea. In relation to Mr. Pajak's deposition, Wyeth seeks an Expedite Fee of $203.50, an ASCII, Minuscript and Word Index fee of $30.00, E-mail transcript of $30.00 and Postage of $4.75. Wyeth seeks an e-mail transcript fee of $75.00, an Expedite Fee of $102.43, and Postage of $5.20 for Denise Maratea's deposition. These additional fees total $450.88 and are not the Plaintiff's obligation. The parties to this action postponed discovery, including the taking of depositions until shortly before the scheduled pre-trial conference necessitating "expedited" transcript production. As an accommodation to the vacation schedule of Wyeth's counsel, no depositions were scheduled during the entire month of August, leaving only two weeks in which to schedule all depositions in advance of the pre-trial conference. See E-Mail from M. Fitzhugh, Esq. to J. Tocci, Esq. appended as Exhibit 1 to the Affidavit of John F. Tocci, Esq. Additional charges "incurred merely for the convenience of one party's counsel should not be taxed to the other." Fogleman v. Aramco, 920 F.2d 278 (5th Cir. 1991). Therefore the Court should deny Defendants' Motion as to these additional charges in the amount of $450.88.

### 2. PHOTOCOPIES AND PRINTING COSTS

A cost proponent must demonstrate that photocopies and printing costs are "necessarily obtained for use in the case." 28 USCS § 1920 (4). Wyeth, therefore, must demonstrate that

6

photocopies were reasonably necessary for use in the case to obtain photocopying expenses. Dente v. Riddell, Inc., 1982 U.S. Dist. LEXIS 14157 (D. Mass. 1982).

The Defendants seek $532.94 for "printing costs." The Defendants' first seek reimbursement of $68.36 for "copies of documents for automatic disclosures." Copies, however, are not "printing costs" and are therefore not compensable under 28 USCS § 1920 (3).

Defendants next seek reimbursement for two compact discs, "duplication," binders and "copies" in the amounts of $273.00 and $191.58. It is completely unclear however, how two compact discs of what the Defendants refer to as "Document Production" and "Duplication; binders; copies" constitute printing costs. Indeed, it appears that such costs may be related to the Defendants' decision to utilize electronic "Power Point" means to present simple documentary exhibits, complete sets of which were provided by Dr. Woghiren to each juror (and the clerk, Judge Young and each party) in paper form.

Defendants provide an invoice (Invoice #372742) that purports to list printing costs. Yet the invoice simply lists a charge for a "CD Master" and three charges for "Conversion Tech Time." Again, it is completely unclear as to how these charges constitute printing costs as they seem related to the Defendants' Power Point presentation of evidence. The Defendants also provide an invoice (Invoice #444704) that purports to list additional printing costs. Yet this invoice lists binders, "Litigation, Medium" (which is presumably photocopies), CD Duplication, CD Master, scanning and tabs – also, clearly not printing costs and not reimbursable costs pursuant to 28 USCS § 1920. Furthermore, even if the Court assumes that "Litigation, Medium" are photocopies which could be reimbursed pursuant to 28 USCS § 1920, the Defendants have failed to identify the particular documents, thereby failing to justify their necessity for use in the case. The costs Wyeth purports to package as "printing costs" were not a necessity at all but

7

appear to have been an extravagance purchased only for the convenience of the Defendants. Since the Defendants have not met their burden in proving that these costs are allowed by statute, the Court should deny Defendants' Motion as to its purported "Printing Costs" in the amount of $532.94.

### 3. EXEMPLIFICATION FEES

The Defendants also seek reimbursement of "exemplification fees" in the exorbitant amount of $10,460.00. This request completely relates to the Defendants' choice to present simple documentary evidence by electronic "Power Point" means. The utilization was unnecessary as Dr. Woghiren provided each juror, the clerk, Judge Young and each party with a complete set of uncontested exhibits. The requested amount is unreasonable and taxation should therefore be denied.

Exemplification fees may only be taxed as costs if they were "necessarily obtained for use in the case." 28 USCS § 1920(4), Leggett & Platt, Inc. v. Hickory Springs Manu Co., 149 F.Supp 2d 394 (N.D. Ill. 2001). Expenses are not properly taxable if they were "merely illustrative or repetitive of otherwise adequate evidence." Dente v. Riddell, 1982 US Dist LEXIS 14157 (D. Mass. 1982), H.C. Baxter Co. v. Great Atlantic and Pacific Tea Company, 44 F.R.D. 49, 52 (D. Me. 1968). The Court must consider whether the nature and context of the information being presented genuinely called for the means of illustration that the party employed. Leggett & Platt, Inc., at 397. In other words, the Court must ask whether the exemplification was "vital to the presentation of that information, or was it merely a convenience or, worse, an extravagance?" Id. Multimedia services involving mere packaging and display, as opposed to the creation of diagrams or graphics, are an auxiliary luxury and non-taxable. Cefalu

v. Village of Elk Grove, 211 F.3d 416 (7th Cir. 2000). The statute, 28 USCS § 1920, certainly does not obligate the non-prevailing party to pay for the prevailing party's "glitz". Id.

Wyeth seeks reimbursement of costs for "Trial Presentation Services" -- Invoice Number 03034 submitted by Wyeth -- including a presentation technician's attendance at trial for six full days (at five hours per day), one half day, and other assorted set-up and preparation fees totaling $10,140.00. This cost reflects an unnecessary extravagance. This case was a race discrimination case in which the non-testimonial evidence entirely consisted of simple documents such as memoranda, performance evaluations and e-mails. Prior to the commencement of trial, Dr. Woghiren through his attorneys informed Wyeth that he intended to photocopy the uncontested exhibits and provide a copy to each juror. See E-Mail from M. Fitzhugh, Esq. to J. Tocci, Esq. appended as Exhibit 3 to the Affidavit of John F. Tocci, Esq. Wyeth, through its attorneys, rejected this idea as it chose to utilize a sophisticated Power Point display despite the lack of complexity of the exhibits. Id. Dr. Woghiren provided a complete set of uncontested exhibits to each of the twelve jurors, the clerk, Judge Young and opposing counsel at a cost of over $1,300.00. See, Copy Cop Invoice Exhibit 3 to Affidavit of John F. Tocci, Esq.

Throughout the trial, jurors referred to the exhibit binders provided by Dr. Woghiren. Counsel for Wyeth also relied on the binders and encouraged the jurors to examine the binder exhibits during the course of testimony and also to review said exhibits during deliberation. Because the documentary evidence was simple – evaluations, e-mails, etc. - and easy to reference and review, Wyeth had no need to utilize the expensive technology it chose to use. Wyeth did not need to present complex graphics or demonstrative evidence. Wyeth's use of a computer display was an unnecessary extravagance – a convenience for their counsel. Dr.

9

Woghiren should not be forced to bear the cost of Wyeth's glitz.  The Court should therefore deny Wyeth's Motion as to the entire amount of their "exemplification fees."

### III.     CONCLUSION

For the aforementioned reasons, the Court should deny Wyeth's Motion for Costs in its entirety.

                              Respectfully Submitted,

                              Clement Woghiren

                              By his attorneys,

                              /S/ John F. Tocci
                              John F. Tocci, Esq., BBO# 562139
                              Tocci, Goss & Lee, PC
                              35 India Street, 5th Floor
                              Boston, Massachusetts 02110
                              (617) 542-6200

Dated:  February 2, 2006